**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EBONI SPIGHT,

      Petitioner,                         Civil No. 2:07-CV-14230
                                          HONORABLE NANCY G. EDMUNDS
v.                                    UNITED STATES DISTRICT JUDGE

CLARICE STOVALL,

      Respondent,

_____/

## OPINION AND ORDER DENYING THE
## PETITION FOR WRIT OF HABEAS CORPUS

Eboni Spight, ("Petitioner"), presently incarcerated at the Scott Correctional

Facility in Saginaw, Michigan, has filed a *pro se* petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2254, in which she challenges her convictions for

second-degree murder, M.C.L.A. 750.317; and unarmed robbery, M.C.L.A.

750.530.  For the reasons stated below, the petition for writ of habeas corpus is

DENIED.

### I.  Background

Petitioner pleaded guilty to second-degree murder and unarmed robbery in

the Kent County Circuit Court.  In exchange for her plea, the prosecutor agreed to

dismiss the original charge of first-degree felony murder and a charge of

conspiracy to commit unarmed robbery and further agreed not to charge

petitioner with other unarmed robbery or larceny from a person charges arising

1

out of other cases. The parties agreed that petitioner's minimum sentence would be within a range of 25-35 years in prison. Petitioner's co-defendant, Monica Lateace McCain, received a similar plea bargain.

Prior to accepting the guilty pleas, the trial court advised petitioner and her co-defendant of the constitutional rights that they would be giving up by pleading guilty. (T. 12/19/2005, pp. 6-15). The trial court then engaged in an extensive colliquoy with both petitioner and her co-defendant to obtain a factual basis for the guilty pleas. In response to the trial court's questions, petitioner and her co-defendant both admitted that they deliberately went looking to steal purses from older persons. Petitioner and her co-defendant acknowledged that they knew that the victim of a purse snatching might attempt to resist the theft. Petitioner and co-defendant acknowledged that the murder victim was an elderly woman. Petitioner acknowledged that she drove the co-defendant to the Meijer's parking lot for the purpose of stealing purses. The co-defendant acknowledged attempting to take the victim's purse. The victim resisted the theft and during the ensuing struggle, the victim fell and hit her head. The victim sustained a brain injury from the fall, which proved to be fatal. The co-defendant took the victim's purse, got into the car, and petitioner drove off. (*Id.* at pp. 16-20).

In finding that there was an adequate factual basis for the plea, the trial court noted that petitioner admitted that she aided and abetted her co-defendant in the unarmed robbery, during which the victim died. The trial court specifically

found that a jury could find that petitioner and her co-defendant had the requisite malice to sustain a conviction for second-degree murder, in light of the fact that petitioner and her co-defendant admitted to targeting older people, which "also means targeting the relatively frail." The trial court further found that people sometimes fall while resisting having their purse snatched. When an elderly person falls, the breaking of bones is "almost inevitable, at least very likely," thus a broken hip, or another similar injury, could be expected. Because such an injury could qualify as "great bodily harm", the trial court found that in targeting elderly persons as their victims, petitioner and her co-defendant acted with wilful disregard that their actions could cause great bodily harm, so as to support the requisite finding of malice. (*Id.* at pp. 23-25).

Petitioner was sentenced to 28-65 years in prison on the second-degree murder and 10-15 years on the unarmed robbery conviction.

Petitioner subsequently moved to withdraw her plea of guilty, which was denied on April 28, 2006.

Petitioner's conviction and sentence were affirmed on appeal. *People v. Spight,* No. 275276 (Mich.Ct.App. February 13, 2007); *lv. den.* 479 Mich. 861, 735 N.W.2d 248 (2007).

Petitioner now seeks the issuance of a writ of habeas corpus on the following grounds:

I. Defendant was deprived of her Am VI right to a fair trial and her Ams

V and XIV rights of due process when she was not present in court at a critical time.

II. Defendant was deprived of her Ams V and XIV rights of due process when the Court failed to establish the requisite factual foundation for acceptance of her guilty plea to second degree murder. She also had the right to be free from the use of hearsay testimony.

III. Defendant was deprived of her Ams V and XIV rights of due process when the Court wrongfully assessed restitution.

IV. Defendant was deprived of her Am VI right to the effective assistance of counsel when her trial counsel failed to raise the foregoing issues.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs

when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III. Discussion

**A. Claims # 1 and # 2. The claims involving the evidentiary hearing on the motion to withdraw the guilty plea.**

In her first claim, petitioner contends that her due process rights were violated by her absence from the post-trial hearing on the motion to withdraw her guilty plea which had been filed on behalf by appellate counsel. As part of her second claim, petitioner appears to contend that her absence from this hearing deprived her of her right of confrontation.

A defendant has a constitutional right to "be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer,* 482 U.S. 730, 745 (1987). However, the U.S. Constitution "does not require the defendant to be present when his 'presence would be useless, or the benefit but a shadow'". *Cathron v. Jones,* 190 F. Supp. 2d 990, 1001 (E.D. Mich. 2002)(*quoting Snyder v. Massachusetts,* 291 U.S. 97, 106-107 (1934); *overruled on other grds by Malloy v. Hogan,* 378 U.S. 1 (1964)). A defendant's presence at a hearing is "largely a

5

matter of form" when a defendant's lawyer is present at proceedings which raise largely legal issues. *Cathron,* 190 F. Supp. 2d at 1001-02 (internal quotation omitted).

In the present case, appellate counsel moved to set aside petitioner's guilty plea on the ground that there was an insufficient factual basis established at the plea hearing to support the plea. Over appellate counsel's objection, the trial court conducted the hearing without petitioner being present. Most of the hearing involved oral argument by the prosecution and defense counsel, but the prosecution called two police officers to give testimony to supplement the factual basis for the plea. Officer James B. Maguffee testified that he had taken a statement from petitioner. In this statement, petitioner admitted that she and her co-defendant had previously gone to a different Meijer's store with the intention of stealing a purse and had followed an elderly lady home. The co-defendant took this victim' purse, during which this victim fell to the ground "in a similar fashion in our case." Officer James Bivins testified that the co-defendant had made a statement to him, which quoted her as stating that she had explained to petitioner that the reason they were robbing older persons was "because they usually don't fight, and they have more money." At the conclusion of the hearing, the trial court denied appellate counsel's motion to withdraw the pleas.

Petitioner has failed to show that she was prejudiced by her absence from the hearing on the motion to withdraw her guilty plea. Petitioner was

6

represented by counsel and the issues raised at the hearing were primarily legal questions. Federal and state courts have both rejected the idea that a defendant has a right to be present at a post-sentencing hearing on a motion to withdraw his or her guilty plea. *See Hunt v. United States,* 237 F. 2d 267, 268 (4th Cir. 1956); *U.S. v. Shillitani*, 16 F.R.D. 336, 340 (S.D.N.Y. 1954); *People v. Alcorta,* 147 Mich. App. 326, 330; 383 N.W. 2d 182 (1985). Because there is no constitutional right to be present at a post-sentencing hearing to withdraw a guilty plea, petitioner's absence from the hearing on her motion to withdraw her guilty plea did not violate her constitutional rights.

Petitioner's related claim that her absence from the hearing to withdraw her plea violated her Sixth Amendment right to confrontation must also be rejected. When a criminal defendant enters a guilty plea, he or she waives the constitutional rights that inhere in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the right to confront one's accusers. *See Florida v. Nixon,* 543 U.S. 175, 187 (2004). By pleading guilty, petitioner gave up her right of confrontation.

More importantly, the Supreme Court has has referred to a defendant's Confrontation Clause right to be present at trial as a "trial right," see *Stincer*, 482 U.S. at 738 n. 9 (collecting cases). Because the right to confrontation under the Confrontation Clause is a trial right, it does not apply to other court proceedings that are not part of the jury trial. *See Penton v. Kernan,* 528 F. Supp.2d 1020,

1037 (S.D. Cal. 2007); *See also Shelton v. Leblanc,* No. 2005 WL 3543949 (E.D.

La. November 21, 2005)(rejecting habeas petitioner's claim that he was denied

the right of confrontation at a hearing on his motion to withdraw his guilty plea).

Accordingly, petitioner is not entitled to habeas relief on this claim.

### B.  Claim # 2.  The factual basis claim.

Petitioner next contends that her guilty plea should be vacated because of

an inadequate factual basis for the plea.

Petitioner's claim that there was an insufficient factual basis for the guilty

plea does not entitle her to relief.  There is no federal constitutional requirement

that a factual basis be established to support a guilty plea. *Holtgreive v. Curtis,*

174 F. Supp. 2d 572, 582 (2001).  "[T]he requirement that a sentencing court

must satisfy itself that a sufficient factual basis supports the guilty plea is not a

requirement of the Constitution, but rather a requirement created by rules and

statutes." *United States v. Tunning,* 69 F. 3d 107, 111 (6th Cir. 1995).  The trial

court's alleged failure to establish a sufficient factual basis to support petitioner's

guilty plea does not provide a basis for relief, because there is no federal

constitutional requirement that a factual basis supporting a guilty plea be

established, or that the defendant admit factual guilt, so long as the plea is

intelligently and voluntarily made. *Holtgreive,* 174 F. Supp. 2d at 583.  Petitioner

is not entitled to habeas relief on her second claim.

**C. Claim # 3. The restitution claim.**

Petitioner next claims that she was deprived of her due process rights when the trial court assessed restitution in the amount of $ 15,390.00, without any testimony or the introduction of the presentence report to support such a finding.

Petitioner does not state a claim upon which federal habeas relief can be granted. Where a habeas petitioner is not claiming the right to be released but is challenging the imposition of a fine or other costs, he or she may not bring a petition for writ of habeas corpus. *United States v. Watroba*, 56 F. 3d 28, 29 (6th Cir. 1995). Continuing liability under a restitution order is like a fine-only conviction and is not a serious restraint on liberty as to warrant habeas relief. *Barnickel v. United States*, 113 F. 3d 704, 706 (7th Cir. 1997)(quoting *Tinder v. Paula*, 725 F. 2d 801, 805 (1st Cir. 1984)); *See also Flores v. Hickman,* 533 F. Supp. 2d 1068, 1085 (C.D. Cal. 2008)(imposition of restitution order as part of California state sentence could not be challenged under habeas statute because restitution did not affect duration of habeas petitioner's state custody). Because the appropriate relief would be an amendment of the court's order of restitution and not release from custody, the grant of a writ of habeas corpus or other postconviction relief would be inappropriate. *United States v. Zaragoza*, 16 F. Supp. 2d 1111, 1112 (N.D. Ind. 1998).

Petitioner's current restitution order is not a sufficient enough restraint on

her liberty so as to warrant habeas relief. Moreover, petitioner still has available state remedies if she is unable to pay this restitution. Under M.C.L.A. 780.766 (12), petitioner may at any time petition the sentencing judge or his or her successor to modify the method of payment and the sentencing judge may modify the method of payment if the court determines that payment under the order would impose a manifest hardship to the defendant or his family. In addition, M.C.L.A. 780.766(14) indicates that a defendant shall not be incarcerated for a violation of probation or parole for failure to pay the ordered restitution unless either the court or the parole board determines that the defendant has the resources to pay the ordered restitution and has not made a good faith effort to do so. If petitioner's parole was either extended or revoked due to her failure to pay restitution, she would then be "in custody" and this Court would have the jurisdiction to hear her claim. However, until such time, the threat that petitioner's liberty will be severely restrained is "too speculative to warrant the exercise of federal habeas jurisdiction." *Tinder*, 725 F. 2d at 806.

**D. Claim # 4. The ineffective assistance of counsel claims.**

Petitioner finally alleges that she was deprived of the effective assistance of counsel.

To prevail on her ineffective assistance of counsel claim, petitioner must show that the state court's conclusion regarding her claim was contrary to, or an unreasonable application of, *Strickland v. Washington*, 466 U.S. 668 (1984). *See*

*Cathron,* 190 F. Supp. 2d at 996. *Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.

Petitioner first claims that counsel was ineffective for failing to object to the insufficient proof of guilt in this case. It is unclear whether petitioner is merely arguing that her trial counsel should have objected to the allegedly inadequate factual basis for her plea or whether he was ineffective for recommending that she plead guilty to second-degree murder, rather than go to trial on the original first-degree felony murder charges.

Regardless of how the claim is framed, petitioner is unable to show that she was prejudiced by counsel's deficiencies regarding the advice to plead guilty. In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59. A federal habeas court must therefore always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's

error, petitioner would likely have gone to trial instead of pleading guilty. *See Maples v. Stegall,* 340 F. 3d 433, 440 (6th Cir. 2003). The petitioner must therefore show a reasonable probability that but for counsel's errors, he would not have pleaded guilty, because there would have been a reasonable chance that he would have been acquitted had he insisted on going to trial. See *Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001).

In the present case, petitioner has failed to show a reasonable probability that she could have prevailed had she insisted on going to trial, or that she would have received a lesser sentence than she did by pleading guilty. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 750 (E.D. Mich. 2005).

Under Michigan law, the elements of first-degree felony murder are:

(1) the killing of a human being;
(2) with an intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with knowledge that death or great bodily harm is the probable result (i.e., malice);
(3) while committing, attempting to commit, or assisting in the commission of one of the felonies enumerated in the felony murder statute.

*Matthews v. Abramajtys,* 319 F. Supp. 3d 780, 789 (6th Cir. 2003)(citing to *People v. Carines*, 460 Mich. 750, 759; 597 N.W. 2d 130 (1999)).

To convict a defendant of felony murder in Michigan, the prosecution must prove that the defendant acted either with an intent to kill, an intent to do great bodily harm, or with a wanton and willful disregard of the likelihood that the natural tendency of his behavior is to cause death or great bodily harm. *Grant v.*

*Rivers*, 920 F. Supp. 769, 784 (E.D. Mich. 1996).

In the present case, petitioner and her co-defendant admitted that they were deliberately targeting elderly women in order to snatch their purses. Both petitioner and her co-defendant acknowledged that they were aware that the victims of a purse snatching might resist the theft. Petitioner, in fact, told the police following her arrest that she and her co-defendant had previously followed another elderly woman to her home to steal her purse and that this victim fell to the ground during that theft. The co-defendant had told the police that petitioner had been informed by her that the reason they were robbing older persons was "because they usually don't fight, and they have more money." Finally, the murder victim in this case was an eighty one year old woman.

In the present case, the actions of petitioner and her co-defendant in deliberately seeking and assaulting elderly women with the intent of stealing their purses evinced, at a minimum, a wanton and wilful disregard that their actions would cause death or great bodily harm to these victims, who were vulnerable because of their advanced age. *See People v. McKenzie*, 206 Mich. App. 425, 430-31; 522 N. W. 2d 661 (1994)(evidence was sufficient to sustain conviction for felony murder, even if woman who died from a heart attack during a fire set by defendant in an apartment complex inhabited almost entirely at a senior citizens had a preexisting heart condition, where the doctor testified that heart attack was brought on by excitement surrounding fire; defendant had to

take victim as found); *People v. Aslin*, 179 Mich. App. 456, 459-60; 446 N.W.2d 832 (1989)(evidence was sufficient to support determination that defendant acted with *mens rea* necessary to support felony-murder conviction which stemmed from defendant's robbery of 76-year-old victim who died of heart attack shortly thereafter; defendant was aware of victim's vulnerable state of health, and defendant's actions in confronting woman in her own home at night, and twice knocking her down, were likely to cause injury to victim).

In the present case, petitioner and her co-defendant were both aware of their victim's potentially vulnerable state of health, due to her age, but nonetheless, chose to assault her. During this assault, the victim fell to the ground, hitting her head, and sustaining a fatal brain injury. Under the facts of this case, petitioner is unable to establish that she has any viable defense to the original felony murder charge, therefore, she has failed to show that counsel was ineffective in advising her to plead guilty to a reduced charge of second-degree murder.

Petitioner next contends that her trial counsel was ineffective for failing to object to the amount of restitution imposed by the trial court at sentencing. Petitioner, however, offers no evidence or argument to establish that the amount of restitution imposed in this case was inaccurate. Conclusory allegations of ineffective assistance of counsel, without any evidentiary support, do not provide a basis for habeas relief. *Malcum v. Burt,* 276 F. Supp. 2d 664, 685 (E.D. Mich.

2003).  Because petitioner does not offer any argument as to what counsel could have done to obtain a different result at sentencing with respect to the amount of restitution, she is not entitled to habeas relief on this claim. *See Dorchy v. Jones,* 320 F. Supp. 2d 564, 581 (E.D. Mich. 2004).

In conclusion, petitioner is not entitled to habeas relief on her ineffective assistance of counsel claims, because the Michigan courts' rejection of her claims constituted a reasonable application of *Strickland. See Pearl v. Cason,* 219 F. Supp. 2d 820, 829 (E.D. Mich. 2002).

### IV. Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  A federal district court may grant or deny a certificate of appealability when the

court issues a ruling on the habeas petition. *Castro v. United States,* 310 F. 3d 900, 901 (6th Cir. 2002). A district court therefore has the power to deny a certificate of appealability *sua sponte. See Dell v. Straub,* 194 F. Supp. 2d 629, 658 (E.D. Mich. 2002).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because she has failed to make a substantial showing of the denial of a federal constitutional right. *Dell,* 194 F. Supp. 2d at 659. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: June 18, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 18, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager